Judge Robertson
delivered the opinion of tbe Court.
In a suit in chancery, against Ditto* Kelso and May’s 'heirs, Young obtained a decree against Ditto, for $>171 50 cents, against Kelso for $198, and a joint decree, against all the defendants, for costs.
From this decree, Ditto appealed.
The appeal having been dismissed, Young brought his suit on the appeal bond, and the court instructed the jury, that he could not recover the amouht decreed against Kelso, unless Kelso was insolvent, but that he could recover the interest on the amount decreed against Kelso. The jury found a verdict, in conformity to this instruction, on which, judgment was rendered.
The correctness of the instruction, depends on the effect of the appeal. If it'suspended the whole decree, the instruction was wrong.
There ought not to be several appeals from the same decree, although it be several in its operation, The appeal like the writ of error, should be in the narne 0f aj] the parties, against whom the decree was rendered. It some will not join m the appeal, any one who may desire a revision of the decree, should prosecute a writ of error. Then by summons and severance, he might proceed on his own case alone, and exempt himself from any eventual liability for the others. If all appeal, and execute a joint bond, w’hich they should do on a joint appeal, each will be responsible for the whole amount. If only one execute the bond, he must stand bound for the w^°^e* The appeal is not from a part of the decree, hut from the whole of it. It suspends the whole. If Ditto did not mean to be responsible for Kelso, he ou§ht to have sued out a writ of error, and a summons for severance. Having elected to proceed otherwise, he must abide the consequenees. As therefore, by the appeal of Ditto, the creditor was pre *73 vented from enforcing his decree vs. Kelso, Ditto is liable for the amount decreed against Kelso; and it is immaterial, whether Kelso is solvent, or insolvent; if he be solvent, it will be well for Ditto, because, then he may be indemnified.
Denny, for plaintiff; Crittenden, 'for defendant.
But in addition to this view-, it should not escape notice, that the decree was joint for costs. Upon that ground alone, if there wére no other, the appeal in its effect is joint. If it be not, to what extent is it several?
Could not Ditto have assigned errors to the whole; or to any part of the decree? Might not this court have reversed the whole decree? If they had reversed only a part, and remanded the cause for further proceedings, would not the whole cause have been before the circuit court again?
It is therefore our opinion, that Ditto on his bond, Was responsible for the whole decree, costs and all, and that therefore, the circuit court erred.
Wherefore, the judgment is reversed, and the cause remanded for a new trial.